

**United States Department of Justice**

*William J. Powell*
*United States Attorney*
United States Attorney's Office
Northern District of West Virginia

September 9, 2019

**FILED**

**SEP 26 2019**

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Nicholas Compton
Assistant Federal Public Defender
MVB Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, WV 25401

In re:  United States v. Timothy Alan Himelright,
        Criminal Action No.: 3:19-CR-

Dear Mr. Compton:

This will confirm conversations with you concerning your client, Timothy Alan Himelright, (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.  Defendant will plead guilty to Count One of the above-referenced Indictment, charging him with Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(2) and 2252A(b)(1).

2.  The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty to Count One is not less than five years and not more than 20 years in prison, a fine of $250,000.00, and a term of at least 5 years and up to a lifetime of supervised release.

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by

_____    9-16-19
Timothy Himelright                 Date
Defendant

_____    9/16/19
Nicholas Compton, Esq.             Date
Counsel for Defendant

- 1 -

# money order or certified check to the United States District Court.  It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

Finally, Defendant is aware that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, Title 18, United States Code, Section 3014(a)(3).

3. Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto.  Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution.  It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

   B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

   C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.  Further, the United States will move for the dismissal of the remaining counts of the Indictment against the Defendant.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be.  This agreement includes nonbinding recommendations by the United

_____          _9-16-19_____
Timothy Himelright                        Date
Defendant

_____          _9/16/19_____
Nicholas Compton, Esq.                    Date
Counsel for Defendant

- 2 -

States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

    7.    The United States will make the following **nonbinding** recommendations:

        A.    If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

        B.    Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **Monday, September 16, 2019** and returns an executed copy to the United States by that day;

        C.    The United States will recommend that any sentence of incarceration imposed should be within the low end of the guideline range.

    8.    If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

    9.    Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree as follows:

**On October 2018, Timothy Alan Himelright utilized the social media Kik application, using the username "opendad01," while at his residence in Berkeley County, West Virginia, and he distributed a 2 minute video of a prepubescent girl wearing a Minions t-shirt wearing no pants or underwear who then spread her legs exposing her genital area to the camera and then is seen kissing another prepubescent minor. Mr. Himelright distributed this video to an undercover police officer in the United Kingdom using the share feature on the Kik app in the open forum "Open Minded Parents."**

_____         _9-16-19_____
Timothy Himelright                                        Date
Defendant

_____        _9/16/19_____
Nicholas Compton, Esq.                             Date
Counsel for Defendant

The Defendant consented to an interview with law enforcement on the date the search warrant was executed on his home and the interview was audio recorded. The Defendant admits and acknowledges that he is opendad01 on the Kik app and that he has shared "countless" photos and videos of minors he characterized as of questionable age - between 10 years of age to legal age - with other individuals on the Internet and using the application known as Kik.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

11. The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

_____
Timothy Himelright
Defendant

_____
Nicholas Compton, Esq.
Counsel for Defendant

9-16-19
Date

9/16/19
Date

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

12. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

13. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

14. Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and agrees to the forfeiture of all property encompassed in the charging instrument's Forfeiture Allegation. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the following specified property, which is property used or intended to be used to commit or to promote the commission of such offense, or is a visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or is any book, magazine, periodical, film, videotape, or cellular phone or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18: images, CD/DVDs, SD cards, and electronic devices seized from the defendant as part of the investigation. Further, the defendant agrees to forfeiture of all instrumentalities of the offense conduct as set forth in the forfeiture allegation.

Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea

_____   _____9-16-19_____
Timothy Himelright                Date
Defendant

_____   _____9/16/19_____
Nicholas Compton, Esq.            Date
Counsel for Defendant

agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

15. Defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of Defendant's employment; and, if the defendant is a student, the location of Defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

16. The above 15 paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By: Kimberley D. Crockett
Assistant United States Attorney

As evidenced by my signature at the bottom of the 6 pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Timothy Himelright
Defendant

_____
Nicholas Compton, Esq.
Counsel for Defendant

9-16-19
Date

9/16/19
Date

- 6 -